UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ALICE NELSON ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE, N.A., et al.,<br><br>Defendants. | No. 2:22-cv-01954 TLN CKD PS<br><br><br><br>ORDER |

     Plaintiff is proceeding in this action pro se and has paid the filing fee. Before the court is plaintiff's First Amended Complaint, brought against six defendants: (1) JP Morgan Chase Bank, (2) Chase Home Finance LLC, (3) MERSCORP (which "owns and operates an electronic registry system that purports to track the ownership and servicing rights . . . in residential mortgages"), (4) MERSCORP's alleged subsidiary MERS Inc., and (5) and (6) two employees of the Sacramento Superior Court. ECF No. 7 ("FAC") at 3-4. On March 9, 2023, the two court defendants filed a motion to dismiss the FAC, arguing among other things that it fails to state a cognizable claim against them. ECF No. 11.

     As set forth in this court's January 23, 2023 findings and recommendations in Nelson-Rogers v. JP Morgan Chase Bank, 2:22-cv-1799 DAD CKD PS ("Nelson IV"), plaintiff is a "repeat, serial litigant whose multiple suits against Chase have made it clear that she will continue to inundate this district with frivolous litigation against Chase" in connection with its October

1

2021 foreclosure on her Sacramento home.  Nelson IV, ECF No. 24 at 1-2.  The findings and recommendations summarize plaintiff's five federal lawsuits filed since 2021, three of which have been dismissed, with the remaining two pending before the undersigned.  Id. at 2-6.  The undersigned recommends that plaintiff's complaint in her fourth action (Nelson IV) be dismissed with prejudice under res judicata principles, that she be declared a vexatious litigant, and that she be "barred from filing further complaints against JP Morgan Chase alleging any claims against JP Morgan Chase regarding her former residential property without seeking leave of court."  Id. at 13.  These findings and recommendations are pending before the district judge.

Given this context, the court is disinclined to expend significant judicial resources on plaintiff's fifth frivolous case concerning the October 2021 foreclosure—i.e., the instant case.  As another magistrate judge explained to plaintiff in her first case challenging the foreclosure: "When a complaint clearly does not state a claim upon which the court can grant relief, a court may dismiss the case on its own ('sua sponte') at the outset, without leave to amend."  Nelson-Rogers v. Allred, 2:21-cv-1809 JAM AC PS ("Nelson I"), ECF No. 13 (December 2, 2021 Order to Show Cause and Order Vacating Hearing).

Having reviewed the FAC in this action, the court concludes that plaintiff does not state a claim for relief against any defendant under the federal pleading standards explained to her in previous cases.[1]  Thus, as in Nelson I, sua sponte dismissal "for failure to comply with Fed. R. Civ. P. 8 and for failure to state a claim upon which relief can be granted" appears appropriate in this case also.  Nelson I, ECF No. 18 (January 10, 2022 findings and recommendations of dismissal; adopted by the district judge on February 8, 2022).  See Wong v. Bell, 642 F.2d 359,

---

[1] In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

362 (9th Cir. 1981); see also Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that plaintiff must show cause no later than March 30, 2023 why this case should not be dismissed for failure to state a claim upon which relief can be granted. If plaintiff fails to respond, the undersigned will recommend this case be dismissed with prejudice for failure to state a claim upon which relief can be granted.

It is further ORDERED that the hearing on defendants Seale's and Leon's motion to dismiss (ECF No. 11), currently set for April 12, 2023, is VACATED to be reset if necessary.

Dated: March 14, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/nelson-rogers1954.osc

3